[Civ. No. 6656. Second Appellate District, Division One.—October 3, 1931.]

THE PEOPLE ex rel. D. L. WINCHEL et al., Appellants, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, Biby & Biby and John E. Biby for Appellants.

Erwin P. Werner, City Attorney, and Jerrell Babb, Deputy City Attorney, for Respondent.

YORK, J.—This matter came before the Superior Court of Los Angeles County on a petition in *"quo warranto"* wherein petitioner asked for a judgment that the City of Los Angeles was exercising jurisdiction without right over a certain district alleged to have been illegally. annexed to said city. The court found against all contentions of petitioner, whereupon petitioner appealed.

Appellant contends that the evidence is insufficient to sustain the findings and judgment, their main point apparently being that there is no evidence that the property in question, known as "Wiseburn Addition" or "Wiseburn Annexation" is sufficiently inhabited by voters throughout the entire territory to be annexed to the City of Los Angeles in the proceedings which were had for its annexation. The other points of appellant seem to be principally based upon the same contention: that the trial court erred in its conclusions of law and that it erred in the judgment.

■ The trial court received the evidence and we find no errors in the admission of such evidence. Among the other findings of the trial court was the finding that the allegations of paragraph 9 of the plaintiff's petition were not true. There was sufficient evidence before the trial court to make this finding, and it is practically determinative of the matter before this court. There was evidence showing to the trial court the exact situation as to the occupancy of the land included within the annexation or addition, and there is nothing in the contention raised by petitioner (which is apparently its principal contention) that a portion of the territory was occupied by Japanese, the petitioner evidently assuming at the time of the trial and now, that because these inhabitants were "Japanese", they were not voters or citizens of the United States. This does not follow. There is no evidence to show whether the so-called "Japs" were born in the United States or whether they were of sufficient age to entitle them to vote, although in relation to the question whether the land was "inhabited", it is of no consequence whether they were voters or not.

The act under which this annexation proceeded merely provided that the petition, to initiate the proceedings to annex lands to a city, must be signed by at least twenty-five per cent of the voters residing in the territory sought to be annexed. It is not contended that this was not done, but it is argued that if the inhabitants were not voters, no petition could be filed. The contention of the appellant is that the territory as a whole must be inhabited by *voters*. It is true that by the provisions of the act there must be some voters in the entire territory proposed to be annexed, and that at least twenty-five per cent of such voters must sign the petition. But it does not follow that each and every part of the territory must be occupied by voters.

Appellant cannot complain because of the fact that the ballots in the election included reference to certain bonds which the ballots stated would be a lien on the property in the district, if the annexation carried. This could but have an effect against the success of the annexation at the polls, as the people voting for annexation must have thought that it did burden the property with a lien created by such bonds.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 30, 1931.