[Civ. No. 16691.   First Dist., Div. One.   June 8, 1955.]

FRANK BORGHI, JR. et al., Petitioners, v. BOARD OF SUPERVISORS OF ALAMEDA COUNTY et al., Respondents.

LeRoy A. Broun, in pro. per., for Petitioners.

J. F. Coakley, District Attorney, R. Robert Hunter, Chief Assistant District Attorney, Richard H. Klippert and Bernard M. King, Deputy District Attorneys, John W. Scanlon, City Attorney (Hayward), and Robert P. Berkman, Assistant City Attorney, for Respondents.

BRAY, J.—The question here is the priority between an annexation proceeding and an incorporation proceeding covering portions of the same territory. It is raised by a petition for writ of mandate in which "the Executive Committee of the Steering Committee for the incorporation of Union City" as a city of the sixth class, seeks an order compelling the Board of Supervisors of Alameda County to proceed on the petition filed with it for the incorporation of said Union City. The city of Hayward and its governing body, which were proceeding with the annexation of certain areas included within the incorporation proceeding, are joined as respondents. All respondents demurred on the ground that the petition for the writ of mandate shows that the incorporation has priority in law, that is, that the exclusive jurisdiction to deal with the territory was acquired by the board of supervisors in the incorporation proceeding.

## RECORD

February 10, 1955, Hayward City Council was petitioned for consent to the commencement of annexation proceedings, Treeview Annex. Findings and recommendations of Hayward Planning Commission, report and recommendations of the Alameda County Boundary Commission were presented to the council. *Resolution consenting to the commencement of the annexation proceedings adopted.**

February 11th, notice of intention to circulate petition for annexation published. (Gov. Code, § 35111.)

March 1st, 2 p. m., Board of Supervisors of Alameda County. Petition for incorporation of certain unincorporated territory (of which the proposed Treeview Annex is a part) presented. *Resolution adopted directing the county clerk to report to the board on the sufficiency of the petition,* such re-

*Respondents claim initially that the adoption of this resolution gave the city of Hayward and the annexation proceedings exclusive jurisdiction over the territory involved. The annexation proceedings are pursuant to Annexation Act of 1913 (Gov. Code, pt. 2, div. 2, tit. 4, chap. 1, art. 2, § 35106 et seq).

port to be made on March 3, 1955.† (Gov. Code, §§ 34303, 34306.)

March 1st, 8 p. m. Hayward City Council. Resolution adopted acknowledging receipt of notice of intention to circulate the petition for annexation and affidavit of publication and giving approval to circulate petition for annexation. (Gov. Code, § 35113.) A letter notifying the board of supervisors of this action was presented to that board on March 3d, at which time the clerk of the board reported the sufficiency of the petition for incorporation. Thereafter said board, because of the overlapping of territory and because it was advised that the annexation proceedings had obtained priority, refused to proceed further in the incorporation matter.

## PRIORITY

■ The parties agree that as between an incorporation proceeding and an annexation proceeding, the legislative body which first obtains jurisdiction retains it exclusively until the final determination of the particular proceeding. This is the rule between rival annexation proceedings (*People v. Town of Corte Madera* (1952), 115 Cal.App.2d 32 [251 P.2d 988]), and between annexation and incorporation proceedings (*People v. City of Monterey Park* (1919), 40 Cal. App. 715 [181 P. 825]; 2 McQuillin, Municipal Corporations, 320; 62 C.J.S. 150). Section 35115, Government Code, provides that when a petition for annexation has been received by the legislative body of a city and until annexation has been defeated by its electors, no other legislative body shall submit the question of annexation of any part of the territory described in the petition to its electors. In the interests of orderly government it necessarily follows that the same rule must apply to rivalry between annexation and incorporation proceedings. So the question here is, as between the rival proceedings, when was jurisdiction first acquired in the particular proceeding?

■ The first step taken was the granting of permission by the Hayward City Council to the circulation of an annexation petition. Did this give that body the exclusive juris-

---

†It is the adoption of this resolution which petitioners claim gave the Alameda County Board of Supervisors and the incorporation proceedings exclusive jurisdiction over the territory. This proceeding is pursuant to Gov. Code, pt. 1, div. 2, tit. 4, chap. 1, § 34300 et seq.

diction of the proposed territory so as to exclude all other proceedings dealing with it? We think not, primarily for the reason that the Legislature in sections 35113 and 35115, in effect, has fixed later steps in the proceeding as the point when such jurisdiction attaches. Section 35106, Government Code (pursuant to which the Hayward City Council consented to the commencement of the annexation proceedings), provides: "The consent of the city legislative body shall be obtained before any proceedings are commenced pursuant to this article." (No procedure is provided for obtaining this consent.) Then follow sections 35108 and 35109 relating to the necessity of a report of the planning commission being received before consent may be given. Apparently, these sections contemplate that upon being asked for consent, the legislative body will request a report from the commission. However, in this case, the report of the planning commission was received by the Hayward City Council the same day and apparently at the same time the request for consent was received. Section 35110 prohibits annexation of territory of another city. Section 35111 requires publication by the proponents of a notice of intention to circulate a petition for annexation. Section 35112 provides for filing after publication, a copy of this notice and an affidavit of publication. Then we come to section 35113, which for the first time in the plan provided by the code for annexing territory mentions the effect of these proceedings on other proceedings. After providing that the legislative body may adopt a resolution acknowledging receipt of the notice of intention to circulate a petition for annexation, and approving circulation of the petition, it states: "A petition asking for the annexation of any portion of the territory described in the notice, shall not be filed with any other city for 50 days after the adoption of such a resolution." Then follows section 35114 providing that 21 days after the publication of the notice provided for in section 35111 the petition may be circulated. Section 35115 provides that when a petition for annexation has been received by the legislative body and until such annexation has been defeated by the electors, no other petition for the annexation of any portion of the territory included in the first petition shall be presented to the legislative body of any other city and no other legislative body shall submit the question of annexation to its electors. Thus the code contemplates that upon the adoption by a city council of the resolution provided for in section 35113, exclusive jurisdiction

over the territory exists for 50 days.* Then if the petition for annexation is filed the exclusive jurisdiction continues unless the annexation is defeated by the voters. (§ 35115.)

The reference in section 35115 to a petition "received" is not to the consent required by section 35106, where there can be no petition for annexation filed or "received." The petition contemplated by section 35106 is the type of petition which was filed here—a petition for consent to commence proceedings for annexation. When that consent is gained, then a notice of intention to circulate a petition for annexation is published. Then the city council approves the circulation of the petition. It is then that exclusive jurisdiction attaches. It continues if the petition for annexation is thereafter filed. Section 35106 says that *before* any proceedings are *commenced* the *consent* must be obtained. Thus the giving of consent is a preliminary requirement which cannot confer exclusive jurisdiction on the consenting body over the territory as to which proceedings actually may or may not be commenced. If exclusive jurisdiction attached at the time of giving consent, why the necessity of section 35113 or section 35115?

In *Foth* v. *City of Long Beach* (1954), 125 Cal.App.2d 520, 528 [270 P.2d 868], appears the language "An annexation proceeding is commenced when the consent of the city legislative body is obtained. (§ 35106.)" That language was not a determination of the meaning of that section as that question was not before the court. It was merely a prefatory remark and cannot be authority here. The sole question before the court there was whether protestants had been given a fair hearing before the city council. The interpretation of that section was not involved. Nor are authorities from other states, such as *Town of Greenfield* v. *City of Milwaukee* (1951), 259 Wis. 77 [47 N.W.2d 292], holding that it is the first procedural step which controls, applicable here. In none of those states are the statutes similar to ours.

The next proceeding in time was the petition for incorporation filed at 2 p. m. March 1st with the board of supervisors. Section 34303 provides "Proceedings [for incorporation] are initiated by filing with the board of supervisors . . . a petition . . ." Section 34303.5 provides that no petition for incorporation may be circulated or *filed* with

---

*In *Johnson* v. *City of San Pablo*, 132 Cal.App.2d 447, 449 [283 P.2d 57], the action of the San Pablo City Council under section 35113 was considered the date upon which exclusive jurisdiction would have attached had the proceedings been regular.

the board of supervisors and that neither the board nor the clerk shall *accept any such petition for filing,* until the proposal for incorporation has been submitted to and reported upon to the proponents by the county boundary commission. Sections 34304, 34304.5 and 34305 prescribe the form and contents of the petition. Section 34306, the board shall cause its clerk to ascertain if the petition has the requisite number of qualified signers and if it correctly described the proposed boundaries, and report within 30 days. Section 34307 provides that the board is without jurisdiction to proceed further if the clerk's report shows that the petition does not have the requisite number of qualified signers or that the boundaries are inaccurately described. Section 34308 is to the effect that if the clerk's report shows that the petition complies with the law in certain respects "the board shall *direct its clerk to accept the petition for filing* and to file it *when the petitioners have deposited* with him the *amount of money* fixed by the board to defray the costs of the publication of the petition and the notice of election." (Emphasis added.) Section 34309: "*If the money is deposited* with the clerk within fifteen days after he is directed to accept the petition for filing, he shall thereupon file the petition."

There seems to be a conflict between the provisions of section 34303 and of section 34308. Section 34303 says the "Proceedings are initiated" by "filing" with the board a petition for incorporation. Section 34308 says that if the report of the clerk shows the petition to be proper in certain respects, the board shall direct the clerk to accept the petition for filing and file it *when* he shall have received certain moneys. Section 34309 provides that if he receives the moneys within 15 days he shall thereupon *file* the petition. The substance of sections 34303, 34308 and 34309 were originally in section 2, Statutes of 1883, chapter 49. As amended by Statutes of 1927, page 544, the section provided that the petition shall first be "presented" to the board, after publication for two weeks giving the time at which it was to be "presented." When "presented" the board must hear it. In 1933 (Stats. 1933, chap. 394, § 2) the section was amended in certain respects, one of which was the elimination of the requirement that the petition be published, but the section still used the word "presented," and read in other respects practically the same as sections 34308 and 34309. In codifying section 2 the language inserted in section 34303 was changed

to "Proceedings are initated by filing with the board of supervisors at a regular meeting a petition . . ."

In its 1935 report (and in each biennial report thereafter) the California Code Commission has stated that it has adopted a policy "not to make substantive changes, but to confine its work to a compilation, consolidation, and clarification of the existing law."* The same policy is expressed in section 2, Government Code. Having in mind that statement and policy, the provisions of the statute codified, as well as the provisions of sections 34308 and 34309, to the effect that while the clerk is directed to accept the petition *for filing* he may not *file* it until the required money is paid, it is clear that the meaning of the word "filing" is not technical filing but is "presenting." A check of the Code Commission records fails to show any indication of an intent to make any change in the law as it was prior to codification nor any indication that the draftsman thought that the language used would result in a substantive change.

■ That the word "filing" in section 34303 really means "presenting" is shown by the provisions of section 34303.5, which states that no petition may be "filed" with the board, nor shall the clerk "accept . . . for filing" any petition until the boundary commission has reported to the proponents. Significantly, section 34308 dealing with the action of the board after it has referred the petition to the clerk and received a favorable report uses the language of section 34303.5 in providing that the board may now direct the clerk to "accept . . . for filing" the petition. However, he must not *file* it until he has received the money required by the board. The procedure contemplated by the code would include the "presenting" of the petition for incorporation to the board, accompanied by the boundary commission report theretofore obtained by the proponents, the clerk's report as ordered by the board, the payment of the money, and then, for the first time, the actual *filing* of the petition.

■ This brings us to the question of whether the statement in section 34303 that the proceedings are *initiated* by presenting the petition, having in mind the later provision that the actual *filing* does not take place until certain requirements are met, was intended to confer upon the board complete control over the proposed territory. We do not think so. In annexation proceedings, as we have shown, it is not the

*Report of California Code Commission, 1949, page 8.

preliminary proceedings which the Legislature has determined shall give control, but the point when the governing body has approved the circulation of the petition for annexation. In incorporation proceedings it is the point where the petitioners for incorporation have completed their work, namely, the payment of the costs fixed by the board—and the board is obligated to call the election.

It is significant that when the incorporation sections were amended in 1933 they eliminated the provision that the affidavit of three qualified electors certifying to the genuineness of the signatures on the petition for incorporation was prima facie evidence of the requisite number of signers, and in place thereof provided that the board must cause the clerk to determine this question and report back (§ 34306.) ██ Essential to the jurisdiction of the board is a proper petition signed by the requisite number of qualified signers. (*People* v. *Town of Linden,* 107 Cal. 94, 99 [40 P. 115].)

The statements in *People* v. *Town of Corte Madera, supra,* 115 Cal.App.2d 32, 38, "The rule conferring priority on the first city to file is part of the public policy of the state," (held in *People* v. *City of Monterey Park, supra,* 40 Cal.App. 715, to be declaratory of the existing common law) and "priority is granted to that city first instituting proceedings," are not contrary to the determination made in this case. It is that very rule we are applying here. The question which is not passed upon in either of the last mentioned cases is when a city "files" or institutes proceedings. ██ This we have determined in annexation proceedings is when under section 35113 the legislative body adopts a resolution acknowledging receipt of the notice of intention to circulate a petition for annexation, and approving its circulation. In proceedings to incorporate a city, it is when, under section 34308, the clerk, following the direction of the board of supervisors, has received the petitioner's money and has filed the petition for incorporation.

### CONCLUSION

The Hayward City Council's consent to the commencement of annexation proceedings (February 10th), the presentation to the board of supervisors of the petition for incorporation (March 1st, 2 p. m.) gave neither board the exclusive jurisdiction of the territory included in the respective petitions. Under the provisions of section 35113 the action of the Hayward City Council on March 1st, 8 p. m. gave that body

the exclusive control over the territory. Therefore the Board of Supervisors of Alameda County has no power to proceed with the petition for incorporation of Union City.

The alternative writ is discharged and the peremptory writ is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 8, 1955.