[Civ. No. 5734.   Fourth Dist.   Nov. 26, 1958.]

CITY OF COSTA MESA, Respondent, v. CITY OF NEW-
PORT BEACH et al., Appellants.

[Civ. No. 5735.   Fourth Dist.   Nov. 26, 1958.]

CITY OF NEWPORT BEACH, Appellant, v. CITY OF
COSTA MESA et al., Respondents.

554

Walter W. Charanza, City Attorney, John C. Penney, Acting City Attorney, and Jack J. Lande for Appellants.

Donald Dungan, City Attorney, for Respondents.

COUGHLIN, J. pro tem.*—These appeals arise out of petitions for writs of mandate to determine the validity of conflicting annexation proceedings; the "Mesa Annexation No. 2" by the city of Costa Mesa, consisting of approximately 260 acres; and the "17th Street Annex" by the city of Newport Beach, consisting of 65 acres within the area of the "Mesa Annexation No. 2."

After the receipt of several letters, upon written request by proponents, the City Council of Costa Mesa gave its consent to the commencement of proceedings to annex the 260 acres in question under the Annexation Act of 1913 (Gov. Code, §§ 35100-35158). This act prescribes regulations for the annexation of inhabited territory. Pursuant thereto the proponents caused their proposal to be presented to and reported upon by the county boundary commission (Gov. Code, § 35002); published a notice of their intention to circulate a petition to annex this territory (Gov. Code, § 35111); and filed a copy of this notice together with an affidavit of such publication with the city clerk. (Gov. Code, § 35112.) Thereupon, and sometime after the hour of 7:30 p. m. on April 9, 1956, the city council, in accordance with the law, adopted a resolution acknowledging receipt of the notice and approving circulation of said petition. (Gov. Code, § 35113.) On May 4, 1956, after waiting a required period of time, the proponents commenced circulation of their petition. (Gov. Code, § 35114.)

In the meantime, the City Council of the City of Newport Beach had received letters proposing annexation to that city of the 65 acres, which was a part of the 260 acres covered by the "Mesa Annexation No. 2." On April 9, 1956, at the precise hour of 7:30 p. m., the Newport Beach City Council adopted a resolution that such proposal be submitted to the boundary commission as required by law (Gov. Code, § 35002.) The boundary commission made its report in due time. On April 23, 1956, that city council adopted a resolution initiating proceedings under the Annexation of Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35321), to annex the 65 acres in question as the "17th Street Annex." The act governing the annexation of uninhabited territory permits such proceedings to be initiated either by written petition (Gov. Code, § 35305), or by the city council on its own motion. (Gov. Code, § 35310.) The latter method was adopted

---

*Assigned by Chairman of Judicial Council.

in this case. Thereafter the Newport Beach City Council held a protest hearing; introduced an annexation ordinance; and, on June 25, 1956, adopted such ordinance.

On June 29, 1956, the proponents of the "Mesa Annexation No. 2" filed their petition with the city clerk. In due course the Costa Mesa City Council adopted a resolution of intention to call a special election; held protest hearings; set a date for an election; an election was held; and the annexation was approved by the voters on October 11, 1956.

In the meantime both cities had filed petitions for writs of mandate, each seeking a mandate directed to the other to terminate its annexation proceedings and refrain from exercising jurisdiction over the territory sought to be annexed.

The cases were heard upon a stipulation of facts and upon maps introduced into evidence. The trial court found in favor of the city of Costa Mesa and against the city of Newport Beach and those joined with it as defendants. Judgments were entered accordingly. From these judgments the latter city and its codefendants have appealed.

The trial court determined that the "Mesa Annexation No. 2" had priority over the "17th Street Annex" proceedings; that the latter proceedings were void; and that, contrary to appellants' contentions, the territory included in the former proceedings, as a unit, was an inhabited area within the meaning of the statute. Appellants claim this determination was error.

■ Where there is a conflict between proposed annexations, the proceeding first instituted has priority. (*City of Burlingame* v. *County of San Mateo,* 90 Cal.App.2d 705, 706 [203 P.2d 807]; *People* v. *Town of Corte Madera,* 115 Cal.App.2d 32, 38 [251 P.2d 988]; *Borghi* v. *Board of Supervisors,* 133 Cal.App.2d 463, 465 [284 P.2d 537].) The aplicable statute determines when the particular proceeding is instituted. ■ A proceeding to annex inhabited territory is instituted upon the adoption of a resolution by the interested legislative body, acknowledging compliance with prescribed preliminary requirements and approving circulation of a petition. The adoption of such a resolution confers exclusive jurisdiction to annex the subject territory for a period of 50 days (Gov. Code, § 35113; *Borghi* v. *Board of Supervisors,* 133 Cal.App.2d 463, 466 [284 P.2d 537].)

■ In the case at bar such a resolution, with respect to "Mesa Annexation No. 2" was adopted on April 9, 1956, sometime after 7:30 p. m., by the Costa Mesa City Council.

On the same evening, at exactly 7:30 p. m., the Newport Beach City Council adopted a resolution with respect to the "17th Street Annex," referring the matter before them to the county boundary commission. Appellants claim that this action by the Newport Beach City Council instituted proceedings under the Annexation of Uninhabited Territory Act of 1939 and gave them priority. This contention is without merit. No annexation proceeding may be instituted until the proposal therefor has been submitted to and reported upon by the county boundary commission. (Gov. Code, § 35002.) Actions to effect compliance with this provision of the law do not institute annexation proceedings, but are preliminary only. The intent of the statute is clear that proceedings to annex uninhabited territory are instituted, and priority attaches, when "a valid and sufficient petition" for annexation has been filed with the legislative body of a city or that body has instituted such proceedings on its own motion. (Gov. Code, § 35308.)

The case of *Hubbell* v. *City of Los Angeles*, 142 Cal.App.2d 1 [297 P.2d 724], cited by appellants in support of their contention that the Newport Beach proceedings had priority, is clearly distinguishable from the case at bar. In the cited case the proponents of the inhabited territory annexation did not file a copy of their notice of intention to circulate a petition or an affidavit of publication thereof, both of which are statutory requisites to the adoption of a resolution consenting to the circulation of a petition to annex. Moreover, at the time in question, which was in 1953, Government Code, section 35113, was limited in scope as it provided only that upon the adoption of such a resolution *no petition* asking for the annexation of any portion of the territory described therein should be filed with any other city for 50 days. As hereinafter noted, the statute since has been amended to prohibit not only the filing of a conflicting petition, but also all other conflicting proceedings.

Appellants further contend that, because of a 1955 amendment to section 35115 of the Government Code, priority does not attach to proceedings for the annexation of inhabited territory until the petition therefor, containing the required number of valid signatures, has been filed. This contention requires a consideration of pertinent present statutory provisions which are contained in sections 35113, 35115, and 35308 of the Government Code. Section 35113 imposes a 50-day restriction upon the institution of conflicting proceed-

ings, commencing with the adoption of a resolution consenting to the circulation of a petition to annex inhabited territory; section 35115 imposes such a restriction commencing with the filing of a petition to annex and continuing until the annexation has been defeated, or the proceedings declared void, or otherwise terminated; section 35308 imposes a similar restriction commencing with the filing of a petition to annex unincorporated territory, or the initiation of such a proceeding by the legislative body on its own motion and continuing until an ordinance disapproving such annexation becomes effective. Each of these sections had been recast and amended in 1955. One of the primary effects of these amendments was to synchronize the scope of these restrictions. In substance, under the amendments, during the restricted period, no notice of intention to circulate a petition is to be filed with or consented to by a legislative body of any city; no petition is to be filed with such a legislative body; and no proceedings may be instituted by it, with respect to proposed annexed territory. Prior to these amendments the scope of the restrictions was not as extensive as at present, in that all types of conflicting proceedings were not covered. In the course of such recasting and amending there was included in section 35115 the provision that, ''when a petition for the annexation of any new territory . . . has been received . . . jurisdiction over the proceedings is acquired, . . .'' Appellants argue that, under this amendment, jurisdiction over proceedings to annex inhabited territory is not acquired until the petition for annexation is filed and that any proceeding instituted prior thereto has priority. We do not agree with this argument. Jurisdiction over annexation proceedings is acquired even though the statute does not expressly confer the same. There is no provision similar to that set forth in section 35115 in any of the code sections governing the annexation of uninhabited territory, yet jurisdiction in such a matter attaches when the proceedings have been instituted. We conclude therefore that the absence or presence of such a provision is not determinative of the issue. Moreover, section 35113 must be given effect; it was amended at the same time as section 35115; and it prohibits commencement of conflicting annexation proceedings within 50 days; as a consequence, it confers exclusive jurisdiction for 50 days. Under the law, 21 days after publication or posting of a notice of intention to circulate a petition to annex inhabited territory, and after securing consent to do so, the proponents

of such an annexation may commence circulation of their petition (Gov. Code, § 35114), and are given six months within which to finish their task and file the petition. (Elec. Code, § 1707; Gov. Code, § 35001.) Should that petition not be filed during the 50-day period prescribed by section 35113, thereafter, and until such filing, conflicting annexation proceedings may be instituted. However, upon the filing of that petition without the intervention of valid conflicting proceedings exclusive jurisdiction again is acquired, pursuant to section 35115, which continues until termination of the proceedings.

In the case at bar, the annexation by Costa Mesa was instituted on April 2nd, 1956; on April 23, 1956, which was within the 50-day period, the annexation by Newport Beach was instituted by resolution; on June 25, 1956, which was after the 50-day period but before the Costa Mesa proponents had filed their petition, the City Council of Newport Beach adopted its annexation ordinance. However, the resolution of April 23, 1956, was void because its adoption was prohibited by section 35113, which provides that during the 50-day period in question "no petition shall be filed with and no proceeding shall be instituted by the legislative body of any city for the annexation of any such territory. . . ." In *People* v. *Town of Corte Madera*, 115 Cal.App.2d 32, 38 [251 P.2d 988], the court said: "The existence of a prior proceeding renders the subsequent one void, under the well settled principle that an act is void if specifically prohibited by statute. (*Smith* v. *Bach*, 183 Cal. 259 [191 P. 14]; *Bourke* v. *Frisk*, 92 Cal.App. 2d 23 [206 P.2d 407]; *Herkner* v. *Rubin*, 126 Cal.App. 677 [14 P.2d 1043].)" The Costa Mesa proceedings had priority under the law. This fact rendered the resolution initiating the proposed Newport Beach annexation void, and vitiated that entire proceeding. The judgment of the trial court so holding was correct. (*People* v. *Town of Corte Madera*, 115 Cal.App.2d 32, 40 [251 P.2d 988].)

[4a] The appellants also contend that the 65 acres in the "17th Street Annex" are a separable and independent portion of the 260 acres in the "Mesa Annexation No. 2"; the 65 acres constitute uninhabited territory within the meaning of the statute authorizing their annexation as such; the finding of the trial court that the 260 acres was inhabited territory was error; and, therefore, the "Mesa Annexation No. 2" proceeding was invalid.

"Mesa Annexation No. 2" adjoins Costa Mesa to the west and covers an area the dimensions of which are approximately 3,600 feet in a north-south direction, and varying between a minimum of 2,300 feet to a maximum of 3,900 feet in an east-west direction. The "17th Street Annex" is immediately to the north of a north boundary line of Newport Beach, and consists of an irregular shaped strip, approximately 700 feet in width extending into the "Mesa Annexation No. 2." Commencing at the southwest corner of this strip the boundary line thereof goes north 2,000 feet, thence turns east at right-angles for about 300 feet, and finally swings again to the north at right-angles 700 feet. A map which was introduced in evidence showed the location of various residences, garages, outbuildings and other structures throughout the 260 acres. Although the 65 acres qualified as uninhabited territory for annexation purposes (Gov. Code, § 35303) nevertheless, there were residences within that area. No distinct dividing line, either natural or artificial, segregated the "17th Street Annex" from the larger "Mesa Annexation No. 2" territory.

■ The fact that portions of a territory are uninhabited does not preclude its annexation under the Inhabited Annexation Act of 1913. (*People* v. *Town of Ontario,* 148 Cal. 625, 641 [84 P. 205] ; *People* v. *City of Los Angeles,* 117 Cal.App. 321 [3 P.2d 1032].) ■ Proceedings under that act are proper, if the territory proposed to be annexed, taken as a whole, fairly may be said to be inhabited. (*People* v. *Town of Ontario,* 148 Cal. 625, 641 [84 P. 205] ; *U. S. Pipe & Foundry Co.* v. *City Council,* 150 Cal.App.2d 630, 632 [310 P.2d 431].)
■ Before the existence of uninhabited portions of an area may preclude annexation of the whole territory as inhabited land, such uninhabited portions must be separable, independent, and distinguishable from the main inhabited portions. (*Rogers* v. *Board of Directors of Pasadena,* 218 Cal. 221, 223 [22 P.2d 509] ; *Johnson* v. *City of San Pablo,* 132 Cal.App.2d 447, 452 [283 P.2d 57] ; *U. S. Pipe & Foundry Co.* v. *City Council,* 150 Cal.App.2d 630, 632 [310 P.2d 431].)
■ What constitutes such a separable, independent, and distinguishable area is a question of fact. (*Johnson* v. *City of San Pablo,* 132 Cal.App.2d 447, 452 [283 P.2d 57] ; *U. S. Pipe & Foundry Co.* v. *City Council,* 150 Cal.App.2d 630, 633 [310 P.2d 431].) ■ One element which is considered in determining the existence of these factors is "a dividing line clear enough to constitute a basis for distinguishing with reasonable clarity and certainty between the inhabited and unin-

habited areas of the annexation territory" (*U. S. Pipe & Foundry Co.* v. *City Council*, 150 Cal.App.2d 630, 634 [310 P.2d 431]), although the existence of such element is not controlling. (*People* v. *City of Whittier*, 133 Cal.App. 316, 320 [24 P.2d 219]; *People* v. *City of South Gate*, 118 Cal.App. 428 [5 P.2d 482]). Likewise, the nonexistence of such a dividing line is a pertinent consideration.

The facts in this case adequately sustain the finding of the trial court that the 260 acre "Mesa Annexation No. 2," as a unit, constituted inhabited territory.

Appellants also object to the trial court's finding that the "17th Street Annex" was not contiguous to Newport Beach. However, it is unnecessary for us to consider this issue as our decision with respect to the other issues presented is determinative of this appeal.

The judgment in each proceeding is affirmed.

Griffin, P. J., and Shepard, J., concurred.

The petitions of appellant City of Newport Beach for a hearing by the Supreme Court were denied January 21, 1959.