[L. A. No. 25715. In Bank. Apr. 19, 1960.]

McDOWELL AND CRAIG (a Corporation) et al., Petitioners,
 v. CITY OF SANTA FE SPRINGS et al., Respondents;
 TOM PAUL WETZEL, Appellant.

No appearance for Petitioners.

Tiday, Pool & Moore and Ronald L. Tiday for Appellant.

Ferguson & Judge and James F. Judge for Respondents.

SCHAUER, J.—In this appeal from a judgment denying a writ of mandate and upholding the validity of an annexation of inhabited territory undertaken by respondent City of Santa Fe Springs, we have concluded that the trial court correctly resolved the issue of the time at which under pertinent statutes contiguity of the new territory to the city is to be determined, and that the judgment should be affirmed.

The undisputed facts are as follows:

On May 22, 1957, the city council of Santa Fe Springs passed a resolution approving the circulation of a petition for the annexation of the parcel of inhabited land here involved, under the provisions of the Annexation Act of 1913, hereinafter sometimes called the inhabited act (Gov. Code, §§ 35100-35158[1]), and more particularly under section 35113. At that time the inhabited land was not contiguous to the city, but was contiguous to another parcel of land (uninhabited) which became contiguous to the city on September 6, 1957, when its annexation to the city was completed. The subject inhabited land thereupon likewise became contiguous to the city on September 6, 1957.

Thereafter the petition was circulated, and on September 12, 1957, such petition for annexation of the subject parcel, containing a sufficient number of valid signatures, was received by the city council. (§§ 35115, 35116.) Thereupon a resolution was passed setting a date for a hearing upon protests against the annexation, as specified by section 35117. At such hearing the council found the protests submitted to be insufficient. (§§ 35120-35122.)

In December, 1957, certain owners of property in the parcel of land brought the present mandate proceedings challenging validity of the annexation proceedings. Thereafter, pursuant to stipulation of the parties, an election was held (§§ 35116, 35123 et seq.) on January 21, 1958, resulting in a vote (42 to 15) favorable to annexation. All petitioners except one voluntarily dismissed and the matter proceeded to trial as to the one remaining petitioner, Wetzel, appellant herein.

The sole ground advanced as requiring reversal of the judgment upholding validity of the annexation of the inhabited parcel is the undisputed fact that such parcel had not yet become contiguous to the city on the date (May 22, 1957) that

---

[1]Unless otherwise stated section numbers hereinafter cited will refer to Government Code sections as they read at the times here involved.

the council by resolution authorized circulation of the annexation petition. The city, on the other hand, contends that the inhabited act does not require that contiguity exist prior to filing with the council of the petition, with a sufficient number of valid signatures, under the provisions of section 35115, by which date (September 12, 1957) contiguity admittedly had been achieved here.

Section 35104 of the inhabited act declares, so far as here material, that "To qualify for annexation, new territory shall be contiguous to: (a) The city . . ." In *City of Port Hueneme* v. *City of Oxnard* (1959), 52 Cal.2d 385, 393-394 [6] [341 P.2d 318], this court held that under the provisions of the Annexation of *Uninhabited* Territory Act of 1939 (§§ 35300-35326, see also §§ 35000-35011), the contiguity required by section 35302 of that act must come into existence not later than the date on which the annexation proceedings are initiated by either the presentation to the city legislative body of a petition signed by owners whose land is involved (§ 35305), or (§ 35310) on that body's own motion. ▮ Although proceedings preliminary to presentation of the signed petition to the legislative body differ somewhat under the two annexation acts, we are satisfied that the point of time at which contiguity is to be determined was intended by the Legislature to be the same for both inhabited and uninhabited territory; viz., the receipt by the legislative body of the signed petition, or any authorized initiation of annexation proceedings by that body upon its own motion. (*Cf. People* v. *Town of Corte Madera* (1952), 115 Cal.App.2d 32, 43 [8] [251 P.2d 988].)

▮ Under general provisions controlling both acts (§ 35002) a "proposal" for the annexation of the new territory must be filed with the county boundary commission for a report upon various matters affecting the "proposed boundaries" before an annexation petition may be circulated or filed or proceedings initiated by the city legislative body. (See *City of Port Hueneme* v. *City of Oxnard* (1959), *supra*, 52 Cal.2d 385, 394-395 [7].) However, if the proceedings are to be under the inhabited act, the consent of the legislative body must be secured before the filing with the boundary commission. (§§ 35002, 35106.)

In addition to filing the "annexation proposal" with the boundary commission, the inhabited act requires (§ 35111) that before circulating an annexation petition "the proponents" must publish a notice of intention to do so, and

(§ 35112) within ten days thereafter "the proponents" must file a copy of the notice and an affidavit of the publishing with the city clerk. The next section (§ 35113) provides that "Within 15 days after such filing, the legislative body may adopt a resolution acknowledging receipt of the notice and *approving* circulation of the petition," and that with respect to any of the involved territory "For a period of 50 days after the adoption of such a resolution (a) no notice of intention to incorporate a new city shall be filed . . . ; (b) *no notice of intention to circulate* a petition for . . . annexation . . . *shall be filed with or consented to* by a legislative body of any city; (c) no petition shall be filed with, and no proceedings shall be instituted by, the legislative body of any city for . . . annexation . . ." (Italics added.) It thus appears from the language of section 35113 that (subd. (b)) the filing with or approval or consenting to by a legislative body of a *notice of intention to circulate* an annexation *petition* is for the purposes of the act to be deemed still a step taken while the annexation remains a mere "proposal," and preliminary to (subd. (c)) the filing *of the* signed *petition* with, or the *institution of proceedings* by, such body, which latter steps constitute the actual inception of the annexation proceedings and the point at which contiguity must exist.

This view is further supported by the requirement of section 35114 that although "Twenty-one days after the publication . . . of the notice . . . , the petition may be circulated among the voters within the area proposed to be annexed . . . In no event shall such petition be circulated prior to securing the consent to circulate provided for in Section 35113," and also by the provision of section 35115[2] that when the annexation petition, containing sufficient valid signatures, has been re-

---

[2]Section 35115 provides: "When a petition for the annexation of any new territory, containing a sufficient number of valid signatures, has been received by its legislative body, jurisdiction over the proceedings is acquired, and until annexation to such city has been defeated by the electors of the territory or until proceedings relating to the annexation become void or are otherwise terminated:

"(a) No other petition, provided for in this division asking for the annexation of any of the territory described in the filed petition shall be filed, presented to or acted upon by the legislative body of any other city.

"(b) No other legislative body shall consent to the circulation of a petition or initiate any proceedings on its own motion under the provisions of this division for the annexation of any part of the territory described in the filed petition.

"(c) No notice of intention to circulate a petition for incorporation of any part of the territory described in the filed petition shall be filed."

ceived by the legislative body, "jurisdiction over the proceedings is acquired," and until the annexation has been defeated by the electors or the proceedings become void or otherwise terminate, any other proposed annexations of the same territory are in some respects to be held in abeyance.

Petitioner urges, however, that the observation in *City of Costa Mesa* v. *City of Newport Beach* (1958), 165 Cal.App.2d 553, 556 [2] [332 P.2d 392], that the adoption of a resolution by the city legislative body approving circulation of an annexation petition "confers exclusive jurisdiction [possibly used in the sense of priority of right to proceed; see footnote 3 below] to annex the subject territory for a period of 50 days [citing Gov. Code, § 35113]" likewise establishes that contiguity must exist at the time of such resolution of approval. The City of Costa Mesa case was not, however, dealing with a question of contiguity, but of priority in rival annexation proceedings between two cities competing for the same territory, a subject which is specifically dealt with by section 35113 (although that section does not mention the word "jurisdiction"), particularly as amended in 1955 to read as hereinabove quoted.[3] ██ It is elementary that the language used in any opinion is to be understood in the light of the facts and the issue then before the court. (*Eatwell* v. *Beck* (1953), 41 Cal.2d 128, 136 [8] [257 P.2d 643].) ██ Further, cases are not authority for propositions not considered. (*People* v. *Banks* (1959), 53 Cal.2d 370, 389 [21] [1 Cal.Rptr. 669, 348 P.2d 102].) ██ Jurisdictional concepts which may perhaps come into play when dealing with such priority issues do not, therefore, control in determining the time at which contiguity essential to further proceedings must be achieved.

The judgment upholding the validity of the annexation proceedings is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J. pro tem.,* concurred.

[3] See Assembly Interim Committee Reports, 1953-1955, vol. 6, No. 3, Annexation and Related Problems, App. B, pp. 14, 15 (March, 1955), in which the purposes of amending sections 35113, 35308 and 34302.6 in 1955 were stated as follows: "Three bills, one relating to the annexation of uninhabited territory, one relating to the annexation of inhabited territory and the third relating to the incorporation of new cities to clearly define *priority of right to proceed* in those cases where a portion of the same area is included in two or more annexation proceedings or in an incorporation and an annexation proceeding." (Italics added.)

*Assigned by Chairman of Judicial Council.