[Civ. No. 19123.   First Dist., Div. Two.   Nov. 2, 1960.]

CITY OF CUPERTINO, Appellant, v. CITY OF SAN JOSE et al., Respondents.

Sam J. Anderson and George Olshausen for Appellant.

Ferdinand P. Palla, City Attorney, Richard K. Karren, Sr., and Harry Kevorkian, Assistant City Attorneys, for Respondent.

DRAPER, J.—This action arises from intercity competition for the right to annex uninhabited territory.

Cupertino's city council, by resolution of May 12, 1958, proposed to annex territory designated as Bubb Number 1. Fifteen days later the San Jose City Council adopted a like resolution relating to substantially the same uninhabited territory, which it designated as Stelling Number 1. Cupertino, on July 21, 1958, terminated its proceeding because of its failure to obtain the consent of certain owners of land zoned exclusively for agricultural purposes ("greenbelted") which consent is a required condition to annexation (Gov.

Code, § 35009). San Jose continued through protest hearing, but terminated its proceedings September 22, when the council, by resolution, determined that owners of more than half the value of the lands involved protested the annexation (Gov. Code, § 35313).

With the feline tendency of annexation proceedings to enjoy multiple lives, Bubb and Stelling soon revived. Cupertino, on November 3, submitted to the county boundary commission a proposal to annex substantially the same land, now termed Bubb Number 1a, and commission approval issued November 17. On the same day, the San Jose council adopted a resolution of intention to annex the same area, now termed Stelling Number 2. Cupertino proceeded no further, but San Jose went through all necessary steps to and including adoption of its ordinance approving annexation. Cupertino then filed this action seeking writs of mandate and certiorari to prevent San Jose's taking the final annexation step, filing a certified copy of the annexation ordinance with the Secretary of State. Alternative writs issued. San Jose's general demurrer was sustained, the alternative writs were discharged, and the proceeding dismissed. Cupertino appeals.

Cupertino contends that the Stelling Number 2 annexation by San Jose is invalid because commenced less than two months after the resolution finding that a majority protest had been made against Stelling Number 1, thus violating the requirement (Gov. Code, § 35007) of a waiting period of one year. San Jose argues that section 35007 does not apply because its council made no attempt to terminate the proceedings before the protest hearing (see Ops. Atty. Gen. 28, 32). We find it unnecessary to determine this issue, since we have concluded that Stelling Number 1 was void because commenced during the pendency of Cupertino's Bubb Number 1 proceeding.

When a city council has initiated proceedings to annex uninhabited territory, "no proceeding shall be instituted by the legislative body of any city for the annexation of any such territory" (Gov. Code, § 35308). It has been said that this rule applies even in the absence of statute (*People* v. *City of Monterey Park*, 40 Cal.App. 715, 718 [181 P. 825]). In any event, the rule has had long and uniform application in California, both as to inhabited and uninhabited territory (*People* v. *City of Monterey Park, supra*; *City of Costa Mesa* v. *City of Newport Beach*, 165 Cal.App.2d 553 [332 P.2d 392]; *Hubbell* v. *City of Los Angeles*, 142 Cal.App.2d 1, 6 [297 P.2d

724]; *City of Burlingame* v. *County of San Mateo,* 90 Cal.App. 2d 705, 706-707 [203 P.2d 807]).

■ In the development of this rule, it has been made clear that "the first proceeding in point of time excludes the jurisdiction of the later one" (*City of Burlingame* v. *County of San Mateo, supra,* at pp. 706-707) and that the second proceeding is, in such situation "an absolute nullity and [is] void" (*People* v. *Town of Corte Madera,* 115 Cal.App.2d 32, 38 [251 P.2d 988]). ■ Since an annexation proceeding which is "null and void" is so from the very beginning, and is generally ineffectual for all purposes, it does not bar a second proceeding by the same annexing city (*City of San Pablo* v. *City of Richmond,* 148 Cal.App.2d 358, 361 [306 P.2d 949]).

■ Under these circumstances, we hold that the Stelling Number 1 proceeding was void because commenced during the pendency of Cupertino's Bubb Number 1 proceeding. Because it was void, Stelling Number 1 does not bring into operation the one-year waiting period imposed by section 35007.

■ Cupertino contends that San Jose is estopped to assert the invalidity of its own Stelling Number 1 proceeding. But the elements of reliance and injury are essential to an estoppel (*Estate of Jackson,* 112 Cal.App.2d 16, 18 [245 P.2d 684]; *Lorenson* v. *City of Los Angeles,* 41 Cal.2d 334, 340 [260 P.2d 49]). These elements are wholly lacking here. ■ Further, it is elemental that estoppel to raise the defense of want of power cannot be asserted against a municipal corporation (35 Cal.Jur.2d, Municipal Corporations, § 199, p. 18), and the cases upholding estoppel of a governmental body have been careful to point out that mere procedural requirements were there involved (*Farrell* v. *County of Placer,* 23 Cal.2d 624, 630-631 [145 P.2d 570, 153 A.L.R. 323]). ■ Here, as we have pointed out, San Jose lacked jurisdiction to proceed with Stelling Number 1. It is not estopped to assert the invalidity of that proceeding.

■ Cupertino's submission of Bubb Number 1a to the county boundary commission did not constitute the commencement of an annexation proceeding within the meaning of the code (*City of Costa Mesa* v. *City of Newport Beach, supra,* 165 Cal.App.2d 553, 557 [332 P.2d 392]). Thus that proposed annexation is not a bar to Stelling Number 2.

■ Finally, Cupertino argues that Bubb Number 1 was itself invalid, and that therefore Stelling Number 1 was valid,

and makes applicable section 35007, thus barring Stelling Number 2 because filed less than one year after the majority protest against Stelling Number 1. The claimed invalidity of Bubb Number 1 is rested upon the code provision that greenbelted land ''shall not . . . be annexed to a city . . . without the consent of the owners'' thereof (Gov. Code, § 35009). But this section does not specify that consent of such owners is a prerequisite to initiation of annexation proceedings. Nor is any such requirement stated in the sections providing for institution of such proceedings (Gov. Code, §§ 35305, 35310). It seems apparent that such consent is a requisite to completion, rather than to commencement, of proceedings.

Thus Bubb Number 1 was a valid proceeding. Its pendency barred Stelling Number 1, which thus did not bring into operation the one-year waiting period prescribed by section 35007. It follows that Stelling Number 2 is valid.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied December 2, 1960, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1960.