[Civ. Nos. 6290, 6391.   Fourth Dist.   Dec. 19, 1960.]

CITY OF GARDEN GROVE, Appellant, v. CITY OF
SANTA ANA et al., Respondents.

(Two Cases.)

Willard R. Pool, City Attorney, for Appellant.

John K. Colwell, City Attorney, and Kindel & Anderson for Respondents.

COUGHLIN, J.—These are appeals from judgments denying petitions for writs of mandate. Involved is a determination of the validity of an annexation proceeding by the respondent city of Santa Ana; instituted under the Annexation Act of 1913 (Gov. Code, §§ 35100-35158), governing the annexation of inhabited territory; identified as the "West Santa Ana Annex"; and covering 2,308.1 acres of land. Following the requisite preliminary proceedings, which included filing a map and description of the territory to be annexed with the boundary commission, the City Council of the City of Santa Ana, on October 17, 1958, adopted a resolution approving the circulation of a petition requesting such annexation. Shortly before the adoption of this resolution the boundary commission made its report which revealed that the proposed territory included a small parcel of property, 10 acres in size, which was a part of the territory sought to be annexed to the city of Garden Grove under the Annexation of Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35321), under a proceeding designated "Annexation No. 63," and covering 116.5 acres of land. For reasons not disclosed by the record, the information contained in the boundary commission's report had not come to the attention of the City Council of Santa Ana when the foregoing resolution was adopted. For priority purposes the "West Santa Ana Annex" was initiated on October 17, 1958 (Gov. Code, § 35113) and "Annexation No. 63" was initiated on October 7, 1958 (Gov. Code, § 35308). Under settled rules, the city of Garden Grove's proceeding, being first initiated, had priority. (*City of Burlingame* v. *County of San Mateo,* 90 Cal.App.2d 705, 706-707 [203 P.2d 807]; *People* v. *Town of Corte Madera,* 115 Cal.App.2d 32, 38 [251 P.2d 988]; *Borghi* v. *Board of Supervisors,* 133 Cal. App.2d 463, 465 [284 P.2d 537]; *City of Costa Mesa* v. *City of Newport Beach,* 165 Cal.App.2d 553, 556 [332 P.2d 392].) In due course this proceeding became final and the property described therein, including the 10-acre parcel, became annexed to the city of Garden Grove.

In the meantime, the aforenoted report of the boundary commission had come to the attention of the council of the city of Santa Ana, which awaited expiration of the time for the filing of protests under the annexation proceeding there-

tofore initiated by it; in due course determined that the protests filed were not sufficient to terminate that proceeding; thereupon, viz., on January 9, 1959, caused a new map and description of the property to be included within the "West Santa Ana Annex," excluding the 10-acre parcel which was a part of the city of Garden Grove's "Annexation No. 63," to be filed with the boundary commission; and, upon receipt of approval by that commission of the new map and description, adopted an ordinance calling for an election with respect to the proposed annexation. In this ordinance, which was adopted February 2, 1959, and in all subsequent proceedings, the description of the territory which it was proposed should be annexed excluded the 10-acre parcel which was part of the city of Garden Grove's "Annexation No. 63."

On February 24, 1959, the city of Garden Grove adopted resolutions initiating "Annexation No. 68" and "Annexation No. 70," each of which involved territory overlapping territory within the "West Santa Ana Annex."

The city of Garden Grove filed petitions for a writ of mandate asking that the city of Santa Ana be commanded to take no further action with respect to the "West Santa Ana Annex." From the judgments denying these petitions it has taken the appeals now under consideration.

Appellant contends that the annexation proceeding designated "West Santa Ana Annex" is void because, as originally initiated, it covered a part of the territory included within the proceeding designated "Annexation No. 63." Reliance is placed on the decision in *City of Costa Mesa* v. *City of Newport Beach, supra,* 165 Cal.App.2d 553, 559, in which this court applied the rule that a pending valid annexation proceeding renders void the resolution of a city council initiating a subsequent proceeding involving the same territory, and held that the prior proceeding which was there under consideration vitiated the entire subsequent proceeding. In that case, the whole of the territory in the subsequent proceeding was a part of the territory included in the prior proceeding; the contest involved two conflicting annexations; and each city claimed that its proceeding was controlling. The governing statute prohibits the initiation of a subsequent conflicting annexation proceeding, and the rule declaring the subsequently initiated action void is based on the "well settled principle that an act is void if specifically prohibited by statute." (*City of Costa Mesa* v. *City of Newport Beach, supra,* 165 Cal.

536

App.2d 553, 559; *Smith* v. *Bach*, 183 Cal. 259, 262 [191 P. 14]; *People* v. *Town of Corte Madera, supra,* 115 Cal.App.2d 32, 38; *Bourke* v. *Frisk*, 92 Cal.App.2d 23, 28 [206 P.2d 407]; *Herkner* v. *Rubin*, 126 Cal.App. 677, 681 [14 P.2d 1043].) The relevant statutory provision applicable to the cases at bar is section 35308 of the Government Code, which provides that when a city has initiated a proceeding to annex territory under the Annexation of Uninhabited Territory Act, "no notice of intention to circulate a petition for the annexation of any such territory under the Annexation Act of 1913 shall be filed or consented to by the legislative body of any city."

▮  The obvious purpose of this provision, as well as those of a similar nature considered in *City of Costa Mesa* v. *City of Newport Beach, supra,* 165 Cal.App.2d 553, is to prevent the subsequent annexation of territory wholly the subject of a previously initiated valid annexation proceeding.  The legislative concept respecting the intent of these code provisions is expressed in the Assembly Interim Committee report as being "to clearly *define priority of right to proceed in* those cases where a portion of the same area is included in two or more annexation proceedings." (Emphasis added.)  (*Cf.* f.n. 3, *McDowell & Craig* v. *City of Santa Fe Springs*, 54 Cal.2d 33, 38 [4 Cal.Rptr. 176, 351 P.2d 344].)  In those instances where there is no question of priority, because no territorial conflict exists, the statute clearly is inapplicable. Where a subsequent proceeding involves a partial conflict, the question of priority exists only as to the overlap.  It would be unreasonable to conclude that the prohibitory provisions of the statute, which were enacted for the sole purpose of protecting priority, apply to the whole of such a proceeding rather than to limit the prohibition to that part thereof which involves the territory causing the overlap.

▮  The rule declaring the initiating action of a subsequent annexation proceeding void, being based on the principle that an act is void if specifically prohibited by statute, should be limited in scope to effect the purpose of the prohibition.  "When the reason of a rule ceases, so should the rule itself." (Civ. Code, § 3510.)  By the same standard, the application of a rule should be limited to the sphere within which the reason of the rule exists.  (*Webber* v. *Webber*, 33 Cal.2d 153, 164 [199 P.2d 934]; *Half Moon Bay Land Co.* v. *Cowell*, 173 Cal. 543, 548 [160 P. 675].)  There is no reason for declaring a subsequent partially conflicting annexation proceeding to be void *in toto* when the inclusion of the territory

causing the conflict creates only a misdescription of the territory to which that proceeding legally may apply. To the extent that the subsequent proceeding overlaps the prior proceeding, it is void; as to the remaining territory it is valid, providing there is compliance with the requirements of the law in other particulars. It follows that a resolution approving the circulation of a petition to annex territory, the description of which includes territory covered by a previously initiated valid proceeding, is void insofar as it attempts to annex the conflicting territory, but is not void as to that part of the territory not in conflict with the prior proceeding. In the event the entire territory included in the subsequent proceeding is covered by the prior proceeding, as was the situation in *City of Costa Mesa* v. *City of Newport Beach, supra,* 165 Cal. App.2d 553, 559, the invalidity attaching to the subsequent initiating resolution vitiates the entire subsequent proceeding. On the other hand, if only a part of the territory included in the subsequent proceeding is covered by the prior proceeding, the invalidity which attaches to the subsequent initiating resolution does not necessarily vitiate the subsequent proceeding as to the entire territory described therein. The ultimate effect of the initiating action which creates a partial conflict with a prior annexation proceeding and its effect upon the procedures which follow is dependent upon other provisions of the law in the premises. The inclusion in an annexation proceeding of territory not validly subject thereto may result in an error in description of such gravity as to constitute an invalidity vitiating the whole proceeding. On the other hand, such a description may be of that character or degree which is subject to correction. A slight error in the initial description, which could have no effect upon the results of the election called in connection with the proceeding, does not invalidate the ultimate annexation effected by an ordinance using a corrected description. (*People* v. *City of San Bruno,* 124 Cal.App.2d 790 [269 P.2d 211].) Under these circumstances, the principle of *de minimis* is applied and the error is disregarded. The same principle is applicable to the cases at bar because the city of Santa Ana amended its proceeding before the prescribed election so as to exclude the 10-acre parcel covered by the city of Garden Grove ''Annexation No. 63,'' and the overlap was inconsequential. Furthermore, section 35121.5 of the Government Code, adopted in 1955, now authorizes a city legislative body, if the time for protest has gone by and a majority protest has not been made, to make such changes in

538

the boundaries of the territory proposed to be annexed as it finds proper, provided no additional territory is added and any diminution in the area to be annexed does not exceed 5 per cent of that originally proposed. The exclusion of the conflicting 10-acre parcel from the ''West Santa Ana Annex'' was authorized by this section. In *People* v. *City of San Bruno, supra,* 124 Cal.App.2d 790, 795, which was decided before the adoption of section 35121.5, *supra,* the court applied the rule of *de minimis* to a factual situation substantially analogous to that in the instant case and approved the subsequent annexation, although the effect of the prior proceeding thereon was not expressly considered. We conclude that the ''West Santa Ana Annex'' proceeding to the extent now pending is valid; is not in conflict with ''Annexation No. 63''; and has priority over the ''Annexation No. 68'' and ''Annexation No. 70'' proceedings. The action of the lower court in denying the petitions for a writ of mandate was proper.

The judgment in each case is affirmed.

Griffin, P. J., and Shepard, J., concurred.