[Civ. No. 22334. Third Dist. Oct. 12, 1983.]

TRAVELERS INSURANCE COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
TERRY TAYLOR, Respondents.

**1034**

**COUNSEL**

Hanna, Brophy, MacLean, McAleer & Jensen and James R. Missler for
Petitioner.

Panattoni, Westley, Farrell & Fraulob and Edward J. Farrell for Respondents.

---

OPINION

BOSKOVICH, J.*—On May 15, 1981, Terry Taylor (applicant) sustained an injury to his right hip while working. He filed an application for adjudication of claim against Zivan Radin and Travelers Insurance Company, Radin's workers' compensation insurer, seeking workers' compensation benefits on account of his injury. The defendants answered denying employment and contending the applicant was an independent contractor and not an employee at the time of his injury.

The Workers' Compensation Appeals Board judge who presided at the trial evaluated the evidence in light of the factors set out in Labor Code section 2750.5 and found that the applicant was an independent contractor and ordered that he take nothing for his claim.[1] The Workers' Compensation Appeals Board (board) granted reconsideration and determined that regard-

---

*Assigned by the Chairperson of the Judicial Council.

[1]Labor Code section 2750.5 provides: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors:

"(a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

"(b) That the individual is customarily engaged in an independently established business.

"(c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract.

"In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status.

"For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

less of the weight of the evidence tending to show the applicant was an independent contractor, Labor Code section 2750.5 prohibits a finding of independent contractor status for persons engaged in an activity for which a contractor's license is required unless such person holds a valid contractor's license.[2]  ▆▆ ▆▆▆▆ On review petitioner contends the board erred in its interpretation of Labor Code section 2750.5.[3] We conclude the board correctly construed that section and we affirm its decision.

The parties stipulated that the applicant suffered an injury while working for Radin. The only issue tried was employment and the only witnesses were the applicant and Radin.

Prior to May 15, 1981, the applicant received a telephone call from Radin soliciting his services at a construction project in Cameron Park.

Radin hired the applicant to provide excavating services with a tractor/loader applicant owned. Applicant was to grade and level places for a house and barn to be constructed; additionally, he was to remove some large rocks from the construction site. On the third day of work applicant was sitting beneath a tree contemplating where to work next when the tree fell on him.

Radin agreed to pay applicant $50 per hour for his services. Applicant calculated this hourly rate represented $15 an hour for his wages (union scale) and $35 an hour as the cost of his tractor. Applicant belonged to the "Operating Engineers Union." He did not possess a state contractor's license.

Applicant did not have a "fixed project" to complete; Radin "told [him] what . . . to do." Radin provided grading stakes to mark where applicant was to grade and directed applicant where to deposit the soil he removed. Radin also told applicant which trees to remove. Applicant felt free to quit at any time; he believed Radin could discharge him at any time. Applicant billed Radin for his two days of completed work; Radin payed him the

[2]There is no dispute between the parties that applicant was hired to perform a kind of work for which a contractor's license is required; to wit, excavating. (Bus. & Prof. Code, § 7058; Cal. Admin. Code, tit. 16, § 745.)

[3]Prior to seeking a writ of review in this court, petitioner sought and was denied reconsideration by the board. Petitioner's petition was proper (*Brunau* v. *Industrial Acc. Com.* (1933) 135 Cal.App. 277 [26 P.2d 672]; *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 279, fn. 5 [520 P.2d 978]) although not a prerequisite to seeking review in this court (*Lamb* v. *Workmen's Comp. Appeals Bd., supra,* 11 Cal.3d 274; *Harlan* v. *Industrial Acc. Com.* (1924) 194 Cal. 352, 365 [228 P. 654]). Additionally, a petition seeking review of a board order which remands a matter to the trial judge for further proceedings is ordinarily premature. However, we believe a potentially dispositive "threshold" issue such as employment is best treated as a final order. (*Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 533, fn. 2 [163 Cal.Rptr. 750].)

agreed sum without making any deductions. Applicant held himself out as "Terry Taylor Excavating" and considered himself "self-employed." He had no employees. Radin did not require applicant work any particular hours.

Prior to his injury applicant applied for a contractor's license; he received it sometime after his injury. He obtained a license because he wanted to change his line of work to paving, which he understood required a license.

Radin considered applicant a self-employed independent contractor. He paid applicant an hourly wage for the hours applicant billed. Radin did not sign a written contract with applicant. Radin considered applicant skilled in excavation; he would describe what needed to be done and, thereafter, applicant was "on his own." Radin is himself a building contractor; in addition to a general contractor's license, he holds a number of specialty licenses.

## Discussion

Both parties agree that the primary issue in this proceeding is the proper interpretation of Labor Code section 2750.5.

The first paragraph of section 2750.5 establishes a rebuttable presumption that a worker performing services for which a contractor's license is required or performing services for a person who is required to hold such a license is an employee rather than an independent contractor. The statute further provides this presumption may be rebutted by satisfactory proof that: (1) the person has control over achieving a result which is the primary object of a contract; (2) the person is customarily engaged in an independent business; and (3) the person's status as an independent contractor is not a subterfuge to avoid employee status.

The penultimate paragraph provides that in addition to these factors a person performing any services for which a contractor's license is required "shall hold a valid license as a condition of having independent contractor status." ▮ We hold this paragraph means that no person who performs any work for which a contractor's license is required shall be found to be an independent contractor unless such person holds a valid contractor's license. This holding comports with the plain meaning of this statute. The Court of Appeal for the Fourth Appellate District recently reached the same conclusion in dictum: "The section [Lab. Code, § 2750.5] also absolutely denies independent contractor status to a person required to have such a license who is not licensed." (*Foss* v. *Anthony Industries* (1983) 139 Cal.App.3d 794, 797 [189 Cal.Rptr. 31].)

Petitioner argues that since the first sentence of section 2750.5 establishes a rebuttable presumption, the presumption that an unlicensed person performing contracting services is an employee should be rebuttable by the criteria established by subdivisions (a), (b) and (c) of the statute. This argument ignores the plain meaning of the penultimate paragraph of section 2750.5 which *conditions* a finding of independent contractor status as to a person performing services for which a contractor's license is required upon possession by that person of a valid license. Petitioner's argument requires this court to rewrite the statute with a license ordinarily reserved to poets.

Petitioner also argues that even if section 2750.5 is construed as the board did, applicant ought to be estopped from denying he is an independent contractor. Nothing in this record suggests applicant ever represented to Radin that he, in fact, held a valid contractor's license. We find no basis for estoppel.

The decision of the board is affirmed.

Puglia, P. J., and Evans, J., concurred.