[No. C005170. Third Dist. Aug. 1, 1989.]

DEPARTMENT OF JUSTICE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and WILLARD
JONES, Respondents.

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Richard M. Frank and Marybelle D. Archibald, Deputy Attorneys General, for Petitioner.

Daniel E. Abramson, Green & Azvedo, William B. Donohoe, Richard W. Younkin and Neil P. Sullivan for Respondents.

OPINION

MARLER, J.—This case presents the issue whether the Workers' Compensation Appeals Board (the Board) has jurisdiction to determine if a Department of Justice employee is eligible for benefits under Labor Code section 4800. Petitioner, Department of Justice of the State of California, petitioned this court for a writ of review of the Board's decision to deny reconsideration of its decision finding the Board has such jurisdiction. We issued the writ. We now hold that the Board does not have jurisdiction to decide such eligibility and therefore set aside the Board's opinion and order which remanded this matter to the workers' compensation judge to determine applicant Willard Jones's eligibility for section 4800 benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

Willard Jones was employed by the Department of Justice as a deputy attorney general and had reached grade IV, receiving the maximum compensation. In 1985 he applied for disability benefits, claiming work-induced stress and tension had caused injury to his cardiovascular system, psyche and gastrointestinal system. He also sought benefits under Labor Code section 4800, which provides certain employees who are disabled in the course of their duties with a leave of absence, at full pay, for up to one year in lieu of other disability benefits.[1] When he was denied these benefits, Jones requested a hearing before the Board.

After the hearing the workers' compensation judge found that the Board did not have jurisdiction to determine Jones's eligibility for section 4800 benefits. Jones then petitioned for reconsideration. The Board granted reconsideration and issued an opinion and decision rescinding the finding of the workers' compensation judge that the Board did not have jurisdiction to determine eligibility. The Board remanded the matter for a determination of whether Jones fell within the "state safety" class of employees eligible for benefits under section 4800.

After this decision the state petitioned for reconsideration. This petition was denied. In a dissenting opinion Commissioner Nurata agreed with the original opinion of the workers' compensation judge that the Board lacked jurisdiction. The state then petitioned this court for a writ of review.

On December 9, 1988, we issued the writ. We also requested additional briefing on two questions: 1. Does section 4801 authorize the Board to make determinations regarding the right of employees of the Department of Justice to benefits under section 4800?

---

[1] Labor Code section 4800 provides in pertinent part as follows: "Whenever any member of the California Highway Patrol or any member of the Department of Justice falling within the 'state safety' class is disabled by injury arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the patrol, or Department of Justice to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year. This section shall apply only to members of the California Highway Patrol and the Department of Justice whose principal duties consist of active law enforcement and shall not apply to persons employed in the Department of the California Highway Patrol or the Department of Justice whose principal duties are those of telephone operator, clerk, stenographer, machinist, mechanic or otherwise clearly not falling within the scope of active law enforcement service, even though such person is subject to occasional call or is occasionally called upon to perform duties within the scope of active law enforcement service . . . ."

All undesignated statutory references hereafter are to the Labor Code.

2. Did the Board have jurisdiction to consider respondent Willard Jones's application in the absence of a specific request from the Department of Justice pursuant to section 4801?

## DISCUSSION

### I

■ In response to our request for additional briefing, the Board contends, for the first time, this case is not ripe for review because there was not a final order.[2] The Board argues if the determination of eligibility is made adverse to the applicant, the issue becomes moot. However, the issue we are asked to decide is whether the Board has jurisdiction to determine eligibility, not the actual determination of eligibility. Where the Board's order determines a threshold issue, it is subject to appellate review. (*Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 1033, 1036 [195 Cal.Rptr. 564], fn. 3; *Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 533-534 [163 Cal.Rptr. 750].) The determination of whether jurisdiction exists is such a threshold issue.

### II

Section 4800 provides for a leave of absence for members of the Department of Justice falling within the "state safety" class who are disabled by injury arising out of and in the course of their duties. Section 4801 authorizes the Board to make certain factual findings in connection with these benefits. Section 4801 provides: "It shall be the duty of the appeals board to determine in the case of members of the California Highway Patrol, upon request of the Department of the California Highway Patrol or the Department of Justice, and, in the case of the harbor policemen, upon the request of the San Francisco Port Commission, whether or not the disability referred to in Section 4800 arose out of and in the course of duty. The appeals board shall, also, in any disputed case, determine when such disability ceases."

■ The Board and Jones contend section 4801 gives the Board jurisdiction to determine whether Department of Justice employees are eligible for section 4800 benefits. The state argues the section gives the Board only

---

[2] Although the Board requested and was granted additional time to answer the writ petition, the Board did not file an answer. Instead, the Board adopted Jones's answer. Jones's answer argued the Board had jurisdiction, but did not challenge the appropriateness of the petition for review.

limited jurisdiction to determine whether the injury arose in the course of duty and when the disability ceases.

 First of all, we note the language of section 4801 is somewhat ambiguous relative to the Department of Justice employees. Although the statute explicitly applies in the case of "members of the California Highway Patrol," it does not mention members of the Department of Justice. The parties, however, do not dispute its application. They agree the language deficiency was inadvertent. Section 4800 expressly provides benefits to certain employees of the California Highway Patrol, the Department of Justice and the San Francisco Port Commission. Section 4801 requires the Board to perform certain fact-findings upon the request of the California Highway Patrol, the Department of Justice or the San Francisco Port Commission. The section mentions a fact determination in the case of members of the California Highway Patrol upon the request of the Department of the California Highway Patrol or the Department of Justice, and in the case of the harbor policemen upon the request of the San Francisco Port Commission. What is missing is a reference to a fact determination in the case of certain members of the Department of Justice. In 1969 the Legislature amended section 4800 to make it applicable to certain Department of Justice employees. (Stats. 1969, ch. 1402, p. 2848, § 1.) Section 4801 was amended at the same time to include a request by the Department of Justice. (Stats. 1969, ch. 1402, p. 2849, § 2.) It is clear and logic requires that the request by the Department of Justice apply to cases involving its employees. Where the intent of the Legislature is clear and the omission inadvertent, we may supply the missing language. (*People* v. *Medina* (1971) 15 Cal.App.3d 845, 849 [93 Cal.Rptr. 560].)

 Finding section 4801 does apply to Department of Justice employees, we now must determine whether it grants the Board jurisdiction to determine eligibility for section 4800 benefits. In arguing that it does, the Board and Jones claim section 4800 is analogous to section 4850. On the other side, the state claims the correct analogy is to Government Code sections 21026 and 21363.

 We are mindful of the rule of statutory interpretation that "[t]he contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and intepretation is entitled to great weight unless it is clearly erroneous or unauthorized." (*Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793], citations omitted.) The Board points to this rule to support its position. However, the rule does not aid us here. The Board has failed to show it is charged with the enforcement and interpretation of sections 4800 and 4801.

The Board concedes it is not authorized to enforce an award of benefits under section 4800, so it is not charged with enforcement of the statute. Whether it has authority to interpret the section, specifically to define a "state safety" employee, is the issue we now decide. To defer to the Board's finding that it has such authority would be to accept a bootstrap argument rather than interpreting the statute. We decline to so abdicate our responsibility. Interpretation of the statute here is our role, not that of the Board.

Before considering the analogies proposed by the parties, we begin our analysis with the language of section 4801 itself. In this language we find the most compelling argument that the Board does not have jurisdiction to determine eligibility for benefits under section 4800. The Board argues it must have jurisdiction to determine eligibility as part of its jurisdiction to determine causation; otherwise, there would be a burdensome three-tiered system: first, a determination of eligibility, then a determination of causation and duration of the disability, and finally, the award and its enforcement. While the Board may find this procedure "burdensome," the language of section 4801 manifests the Legislature's intent to establish just such a sequence of events.

Section 4801 assigns to the Board the duty to determine whether an injury arose out of and in the course of duty "upon request of" the California Highway Patrol, the Department of Justice or the San Francisco Port Commission. In interpreting statutes we are to give meaning to each word. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) To give effect to the triggering language "upon request of" it would appear the Legislature intended the following procedure prior to an award of section 4800 benefits. First, the employer makes the initial determination whether the disabled employee is within the class of employees eligible for these benefits. For a Department of Justice employee that would be a determination of whether the employee is a "state safety" employee. Then the employer may ask the Board to determine whether the causation requirement is also met.

We do not agree with the Board's assertion that "[e]ligibility is part and parcel of a finding of industrial causation." Eligibility and causation are separate issues, just as eligibility and the amount of the award—an issue the Board concedes it has no authority to decide—are.

Since we decide the Board does not have jurisdiction to determine section 4800 eligibility, the obvious question arises: who does? In the case of a dispute over general workers' compensation benefits, a Department of Justice employee may file a claim with the Board. (See § 5500 et seq.)

Section 4800 benefits, however, are a special statutory benefit "in lieu of disability payments," and the Board's role with respect to them differs from the Board's role in determining general disability benefits. For example, the determination of benefits under section 4800 is specifically excluded from division 4.5 proceedings. (§ 6142.) The parties have not brought to our attention any statute or regulation which expressly provides for a remedy in case of a dispute over eligibility, and our research has not disclosed one. In the absence of such a special procedure, we believe that if the employer determines eligibility adverse to the employee, the employee has exhausted his administrative remedies on that issue and his remedy is to seek a writ of mandamus pursuant to Code of Civil Procedure section 1085.

■ We turn now to the analogies to other statutes proposed by the parties. Our review of these other statutes strengthens our conclusion that the Board lacks jurisdiction to determine eligibility.

Section 4850 provides for a leave of absence without loss of pay in lieu of disability benefits for city policemen, harbor policemen, firefighters, sheriffs, sheriff office employees, inspectors, investigators, detectives, or similar personnel in any district attorney's office, and year-round lifeguards who are disabled by an injury or illness arising out of and in the course of their duties. Section 4850 thus provides a benefit similar to that provided by section 4800. Also, like section 4800, section 4850 has a companion statute which requires the Board to make certain determinations upon request. This companion statute is section 4851 and provides as follows: "The governing body of any city, county, or city and county, in addition to anyone else properly entitled, including the Public Employees' Retirement System, may request the appeals board to determine in any case, and the appeals board shall determine, whether or not the disability referred to in Section 4850 arose out of and in the course of duty. The appeals board shall also, in any disputed case, determine when the disability commenced and ceased, and the amount of benefits provided by this division to which the employee is entitled during the period of the disability. The appeals board shall have jurisdiction to award and enforce payment of these benefits pursuant to Part 4 (commencing with Section 5300)."

The Board relies on *City of California City* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 329 [157 Cal.Rptr. 137] at page 334, for the proposition it has authority to determine eligibility for section 4850 benefits. In *City of California City* and in *Charles* v. *Workers' Comp. Appeals Bd.* (1988) 202 Cal.App.3d 781, 783-784 [248 Cal.Rptr. 805], the Board determined whether the employee was a firefighter, and thus eligible for section 4850 benefits. However, the jurisdiction of the Board to make such determi-

nation was not challenged and therefore not at issue in either case. ■ A case is not authority for an issue not considered therein. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689]; *McDowell & Craig* v. *City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38 [4 Cal.Rptr. 176, 351 P.2d 344].)

■ Government Code sections 21026 and 21363 are part of the statutory scheme of the Public Employees' Retirement System (PERS) in part 3 of the Government Code and provide the Board shall determine in connection with certain benefits whether the employee's disability or death was industrial. Both sections expressly limit the jurisdiction of the Board as follows: "The jurisdiction of the Workers' Compensation Appeals Board shall be limited solely to the issue of industrial causation, and this section shall not be construed to authorize the Workers' Compensation Appeals Board to award costs against the system pursuant to Sections 4600, 5811, or any other provision of the Labor Code."

This part of the Government Code also provides, in section 20124, that the PERS board of administration is the sole judge of the conditions under which persons may be admitted to and continue to receive benefits under the system. Thus, under this benefit scheme, the PERS Board, not the Workers' Compensation Appeals Board, determines eligibility. (*Adduddell* v. *Board of Administration* (1970) 8 Cal.App.3d 243, 246-247 [87 Cal.Rptr. 268] [PERS board determined whether putative spouse qualified as surviving spouse to receive benefits]; *Smith* v. *Bd. of Admin. Retirement System* (1957) 152 Cal.App.2d 691, 694 [313 P.2d 617] [PERS board to determine whether injury occurred before or after marriage].)

Although at first glance section 4800 would appear to be analogous to section 4850 because they provide the same type of benefit, we do not find the analogy to be persuasive authority that the Board has jurisdiction to determine eligibility under section 4800. First, as noted above, there is no direct authority that the Board has such jurisdiction under 4850. Even if it does, we note the different legislative histories of article 6 (§§ 4800-4805) and article 7 (§§ 4850-4855) of the Labor Code and that decisions dealing with article 7 are not controlling for article 6. (*Amborn* v. *Workmen's Comp. Appeals Bd.* (1971) 19 Cal.App.3d 953, 958 [97 Cal.Rptr. 466].) Our conclusion that although the Board may determine eligibility under section 4850 it does not under section 4800 is based both on the difference in the statutory eligibility requirements in sections 4800 and 4850, and a comparison of the role assigned the Board in each of the three statutory schemes.

Department of Justice employees seeking section 4800 benefits are subject to two occupational eligibility requirements. First, they must be within the

"state safety" class. Second, their principal duties must consist of active law enforcement. The term "state safety" is a classification used in PERS and defined in Government Code sections 20017.77 through 20017.94. Employees eligible for section 4850 benefits are designated by job titles, which are not classifications used by PERS. In the abstract we would agree with the Board that a distinction between job titles and job classifications should not make a significant difference, but we think it does make a difference when the reference to the job classification—which appears in quotation marks in the statute—is to a detailed classification scheme set forth in other statutes and administered by another entity.

The second important distinction between the statutory schemes for section 4800 benefits and section 4850 benefits is the role assigned to the Board. This distinction convinces us the Board has a considerably more circumscribed fact-finding role in the administration of section 4800 benefits, which does not include determining eligibility.

All of the benefit schemes under consideration, Labor Code sections 4800 and 4850 and Government Code sections 21026 and 21363, utilize the fact-finding expertise of the Board. (Cal. Code Regs., tit. 8, § 10405.) The Government Code sections expressly limit that role to a determination of causation. The Board's role set forth in section 4851 has steadily increased. In 1969 the Board's role under section 4851 was virtually identical to that in section 4801: the Board determined whether the disability arose out of and in the course of duty, and in disputed cases when the disability existed. (Stats. 1969, ch. 639, § 4, p. 1292.) In 1977 the Board's role was increased to include the determination of the amount of benefits. (Stats. 1977, ch. 382, § 1, p. 1370.) In 1985 the Board was given the jurisdiction to award and enforce payments. (Stats. 1983, ch. 1050, § 1.) During the same period the Board's role with respect to section 4800 benefits has remained the same. It determines only whether the disability arose out of and in the course of duty and when the disability ceases. As the Board concedes, it has no authority to determine the amount of benefits or enforce the award. (See *Hawthorne v. City of Beverly Hills* (1952) 111 Cal.App.2d 723, 731 [245 P.2d 352].) Thus, the Board's role under section 4801 is closer to that under Government Code sections 21026 and 21363, which is expressly limited to determining causation.

Given the extent of the express duties assigned to the Board under section 4851 in administering the benefits provided under section 4850, including determination of the amount of benefits, it may be appropriate for the Board also to determine whether an applicant falls within the generic job titles defining eligible employees. The same role is not appropriate for the

Board with respect to section 4800 benefits because its express duties are much more limited and the occupational criterion for eligibility is a job classification utilized by PERS.

Neither section 4800 nor section 4801 expressly gives the Board jurisdiction to make the initial determination of whether an employee qualifies as a "state safety" employee, a specific job classification defined in the Government Code and administered by the PERS board in the case of retirement benefits. The language of section 4801 suggests that determination is made before the employer requests Board involvement. The role of the Board under section 4851 is so much greater than under section 4801 that sections 4850 and 4851 and the cases interpreting them do not serve as a useful analogy in determining the scope of the Board's role under sections 4800 and 4801. Therefore, neither the statutes nor analogy provide any basis for finding the Board has jurisdiction to determine eligibility for section 4800 benefits, but instead support the opposite view. We find no other basis for such jurisdiction and therefore must conclude that the Board lacks such jurisdiction.

### Disposition

The Board's decision denying reconsideration is reversed. The Board shall issue an order consistent with this opinion. Each party shall bear its own costs on appeal.

Evans, Acting P. J., concurred.

**SPARKS, J.**—I concur in the judgment. The dispute in this case is over the scope of the jurisdiction of the Workers' Compensation Appeals Board (Board) in cases involving the right to a leave of absence with salary under Labor Code section 4800. This statute entitles any designated member of the Department of Justice who is disabled by injury arising out of and in the course of his duties to a leave of absence with pay for a period not exceeding one year in lieu of ordinary disability payments. The designated members are those who fall within the "state safety" class and whose principal duties consist of active law enforcement. (Lab. Code, § 4800.) I agree that the Board does not have jurisdiction to determine whether an employee of the Department of Justice is such a designated member and thereby meets the eligibility requirements of this statute. Under the terms of the accompanying statute, the power of the Board begins and ends with the duty to determine "whether or not the disability referred to in Section 4800 arose out of and in the course of duty" and "when such disability ceases." (Lab. Code, § 4801.) And even this limited duty to determine causation and

cessation of disability arises only "upon the request of the . . . Department of Justice, . . ." (*Ibid.*) In this case, the Department of Justice made no such request and thus even the limited jurisdiction of the Board was never invoked.

The power of the Board over leave of absence benefits for members of the Department of Justice springs only from Labor Code section 4801 and this special reference statute does not confer plenary jurisdiction upon the Board to determine eligibility. Rather, the statute imposes only limited duties, and hence confers only restricted jurisdiction, upon the Board. The California Supreme Court made the Board's limited jurisdiction clear in *Boyd* v. *City of Santa Ana* (1971) 6 Cal.3d 393 [99 Cal.Rptr. 38, 491 P.2d 830], in the content of Labor Code section 4850, an analogous statute conferring similar leave of absence with pay benefits upon various local policemen, firemen, sheriff's deputies and investigators in the district attorney's office. Prior to its amendment in 1977 and 1985, this statute, like the present version of Labor Code section 4801, provided that the Board, upon request, shall determine "whether or not the disability referred to in Section 4850 arose out of and in the course of duty." It further provided that the Board in any disputed case shall also determine when such disability exists. (Stats. 1969, ch. 639, p. 1292, § 4.)[1] "Payments pursuant to section 4850", the high court declared, "are not salary but workmen's compensation benefits. The Workmen's Compensation Appeals Board has jurisdiction, when requested, to determine whether the disability arose out of or occurred in the course of duty, but the board has neither the power nor the duty to fix the amount of compensation by an award. The liability of the [local agency] under the section is enforceable in the courts in mandamus proceedings." (*Boyd* v. *City of Santa Ana, supra,* 6 Cal.3d at p. 397.)

As the Court of Appeal earlier remarked in a case cited with approval by the *Boyd* court, and once again in the context of Labor Code section 4850, "[t]he act of [the public employer] complying with section 4850 is purely ministerial. Under the Workmen's Compensation Act the Industrial Accident Commission [now the Workers' Compensation Appeals Board] is

---

[1] As a result of those amendments, this statute now authorizes the Board both to determine the amount of benefits under Labor Code section 4850 and to award and enforce those benefits. As amended, the statute now provides that upon request the Board shall determine "whether or not the disability referred to in Section 4850 arose out of and in the course of duty. The Board shall also, in any disputed case, determine when the disability commenced and ceased, and the amount of benefits provided by this division to which the employee is entitled during the period of the disability. The Board shall have jurisdiction to award and enforce payment of these benefits pursuant to Part 4 (commencing with Section 5300)." (Lab. Code, § 4851; Stats. 1985, ch. 1050, § 1.)

No similar amendment was made to Labor Code section 4801.

vested with jurisdiction to determine whether the liability referred to in section 4850 arose out of and in the course of duty. It has so determined. It is without jurisdiction to enforce the liability. The liability is enforcible by the courts under section 21 of article XX [now § 4850 of art. XIV] of the Constitution. Where there is no room for discretion in the performance of an act which the law specially enjoins as a duty resulting from an office, mandamus is proper." (*Hawthorn* v. *City of Beverly Hills* (1952) 111 Cal.App.2d 723, 731 [245 P.2d 352], fn. omitted.)

Thus, the Board has "no jurisdiction to compel a [local agency] to grant such leave of absence. . . . [Its] only responsibility is to determine upon request whether the disability claimed arose out of and in the course of the employment." (*Hawthorn* v. *Industrial Acc. Com.* (1951) 101 Cal.App.2d 568, 572 [225 P.2d 966], construing former version of Lab. Code, § 4850. ) In short, the Board has been conferred only a limited jurisdiction under the leave of absence with pay statute for members of the Department of Justice,[2] and that constricted grant does not include the power to determine eligibility any more than it includes the power to fix the amount of compensation paid during the leave of absence or the power to order the employing agency to grant the leave. Consequently, the Board erroneously assumed jurisdiction over the question of eligibility and the Department of Justice is entitled to the relief it seeks.

Evans, Acting P. J., concurred.

---

[2] The Board has been conferred the same limited jurisdiction over similar leave of absence benefits for members of the University of California fire department (Lab. Code, § 4804.2) and members of the University of California Police Department. (Lab. Code, § 4807.)